IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM GENE EATON, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-15-1517 |
| | : (Judge Caputo) |
| UNITED STATES of AMERICA, | : |
| Respondent | : |

**MEMORANDUM**

**I. Introduction**

William Gene Eaton, a federal prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 while housed at FCI-Schuylkill in Minersville, Pennsylvania.[1] Mr. Eaton argues that following *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015),[2] his prior conviction for conveying a weapon inside a federal penitentiary no longer qualifies as a crime of violence predicate offense for enhancing his sentence under the Armed Career Criminal Act (ACCA). He seeks to be resentenced without ACCA enhancement.

For the reasons that follow, Mr. Eaton's Petition will be dismissed for lack of jurisdiction.

---

[1] Mr. Eaton is presently housed at the Devens Federal Medical Center in Ayer, Massachusetts.

[2] We note that in *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.

## II. Background and Procedural History[3]

On December 18, 1998, Mr. Eaton was convicted by a jury on two counts of armed bank robbery in violation of 18 U.S.C. § 2113, one count of carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), one count of possessing a firearm after a former felony conviction in violation of 18 U.S.C. § 922(g), three counts of obstruction of justice in violation of 18 U.S.C. § 1503, and two counts of tampering with a witness in violation of 18 U.S.C. § 1512(b). *United States v. Eaton*, 20 F. App'x 763, 766 (10th Cir. 2001). The government filed a motion to enhance the penalties against him based on prior convictions under the Three Strikes Statute, 18 U.S.C. § 3559(c) and the ACCA. (ECF No. 1, Pet., p. 5.) During Mr. Eaton's March 24, 1999, sentencing hearing the court noted "two prior armed robbery convictions" and a "1977 conveyance of a weapon inside a federal prison." (*Id.*, pp. 6 - 7.) Relying on these three convictions the sentencing court found:

> that for the purpose of 18 U.S. Code Section 2559, the defendant has at least two prior convictions for serious violent felonies, that he was convicted for a serious violent felony, that being bank robbery in the instant case, and then the robbery in 1993 with the use of a firearm and the conviction in 1972 for bank robbery with a firearm, and that these convictions were separated in time, obviously, one being in '72 and '83, that satisfying Part B of the mandatory life imprisonment statute.

(*Id.*, p. 6.) The sentencing court also found Mr. Eaton subject to the sentencing enhancement under the ACCA based on his conviction of the three convictions:

---

[3] The Court takes judicial notice of the docket in Mr. Eaton's criminal proceedings. *See United States v. Eaton*, 5:1998-cr-0183 (W.D. Okla.) which is viewable via the federal judiciary's Public Access to Court Electronic Records (PACER) Service at https://www.pacer.gov.

> the defendant was convicted in 1963 of the two armed robberies, and, then, likewise, in 1973 of the conveyance of the weapon charge, and that all of these qualify under the Armed Career Criminal Act to face the enhanced penalty under 18 U.S. Code Section 924(e).

(*Id.*, p. 7.) Based on these findings, Mr. Eaton was "committed to the custody of the Bureau of Prisons to be imprisoned for a term of life. The sentencing court explained the sentence:

> This consists of a sentence of life as to Counts 1 and 4; 180 months as to Count 3; 120 months as to Counts 5, 6, 7, 8, and 9. Counts 1, 3, 4, 5, 6, 7, 8, and 9 shall run concurrently. A term of 60 months is ordered on Count 2, which shall not run concurrently with any other term of confinement imposed.

(*Id.*, p. 8.) The United States Court of Appeals for the Tenth Circuit affirmed Mr. Easton's conviction and sentence on March 21, 2000. *See* 208 F.3d 227 (10th Cir. 2000). In 2000, Mr. Eaton filed his first 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. The sentencing court denied the § 2255 motion and the *United States v. Eaton*, 20 F. App'x 763 (10th Cir. 2001).

During the pendency of this Petition, Mr. Eaton filed a filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence with the sentencing court based on *Johnson, supra*. *United States v. Eaton*, 5:98-cr-0183-R (W.D. Okla), Motion to Vacate (2255), ECF No. 285, Apr. 25, 2016. On May 6, 2016, the sentencing court dismissed the Petition for lack of jurisdiction noting that Mr. Eaton did not obtain permission to file a successive § 2255 motion without first seeking leave of the Then Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h). (*Id.*, Order, ECF No. 288, May 2, 2016.) On June 22, 2016, the United States Court of Appeals for the Tenth Circuit denied Mr. Eaton's

request for authorization under 28 U.S.C. § 2255(h) to file a successive § 2255 motion based on *Johnson* after finding "he was actually sentenced under the Three Strikes Statute, 18 U.S.C. § 3559(c)," thus "*Johnson* does not provide Mr. Eaton with a basis for authorization under § 2255(h)." *In re: Eaton*, No. 16-6166 (10th Cir. Jun. 22, 2016).

## III. Discussion

### A. Legal Standards Applicable to Section 2241

As a general rule, a federal prisoner may challenge his conviction or sentence only by means of a motion under 28 U.S.C. § 2255 brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (a motion filed pursuant to § 2255 is the presumptive means for challenging a federal conviction); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Prisoners who have already filed a § 2255 motion, may file a "second or successive motion" provided that "a panel of the appropriate court of appeals" has certified that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Thus, with limited exceptions, a habeas corpus petition challenging a prisoner's conviction or sentence pursuant to 28 U.S.C. § 2241 may not be entertained unless a § 2255

motion would be "inadequate or ineffective" to test the legality of the petitioner's detention. See 28 U.S.C. § 2255(e); Gardner v. Warden Lewisburg USP, 845 F.3d 99, 102 (3d Cir. 2017). In considering what it means to be "inadequate or ineffective," the Third Circuit has stated that a federal prisoner should be permitted to seek relief under § 2241 "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). Such situations are rare. The Third Circuit has applied this "safety valve" only where a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained on conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision." See Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251-52).

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Cradle, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538 (citation omitted). Section 2255(e), the safety-valve clause, "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

## B. Analysis

Mr. Eaton is clearly challenging the validity of his sentence under the Western District of Oklahoma. Thus, he must raise such a challenge in the sentencing court under 28 U.S.C. § 2255 unless he demonstrates that the remedy under § 2255 is "inadequate or ineffective." See 28 U.S.C. § 2255(e).

Petitioner does not allege facts to bring him within the *Dorsainvil* exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime than an intervening change in substantial law may negate. Rather, Mr. Eaton's claim is focused on the alleged impropriety of his sentence, not the offenses for which he was convicted. The Court therefore lacks jurisdiction to consider his Petition. See *Scott v. Shartle*, 574 F. App'x 152, 155 (3d Cir. 2014) (nonprecedential) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in *In re Dorsainvil* and cannot proceed under § 2241."). *Welch* made *Johnson* retroactive to cases on collateral review, but as noted by the Third Circuit Court of Appeals, "§ 2241 is not available for an intervening change in the sentencing laws." *Pearson v. Warden Canaan USP*, ___ F. App'x ___, ___, 2017 WL 1363873, at *2 (3d Cir. 2017) (nonprecedential) (citing *Okereke*, 307 F.3d at 120 - 21). Thus, Mr. Eaton's appropriate recourse is to pursue his *Johnson* claim by requesting permission from the Tenth Circuit Court of Appeals to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3). His failure to obtain such relief from the Tenth Circuit Court of Appeals does not demonstrate the unavailability or inadequacy of § 2255.

## IV. Conclusion

Accordingly, this Court does not have jurisdiction to address this matter. Additionally, the Court declines to transfer this matter, pursuant to 28 U.S.C. § 1631, to the United States Court of Appeals the Tenth Circuit for treatment as a motion to file a successive § 2255 motion as to do so would be futile based on that Court's June 22, 2016, denial of Mr. Eaton's request to file a second or successive 28 U.S.C. § 2255 motion based on *Johnson*.

An appropriate order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO
United States District Judge**

**DATE: June 12, 2017**